Hillsborough, }
May 3, 1910. }

## POLETI *v.* POLETI.

LIBEL FOR DIVORCE. Trial by the court and decree for the plaintiff. Transferred from the September term, 1909, of the superior court by *Pike*, J., on the defendant's exception to the refusal of the court to dissolve an attachment of his property.

*Kittredge & Prescott* and *Taggart, Tuttle, Burroughs & Wyman,* for the plaintiff.

*Doyle & Lucier,* for the defendant.

*Per Curiam.* If the court might have ordered the plaintiff to release the attachment as the price of the decree in her favor, it did not do so. The court's refusal to make such order is a finding that it ought not to be made.

*Exception overruled.*

---

Hillsborough, }
May 3, 1910. }

## FARNHAM *v.* ANDERSON.

ASSUMPSIT. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1910, of the superior court by *Pike*, J., on the defendant's exceptions to the admission of evidence and remarks of counsel in closing argument.

*Hamblett & Spring* and *Doyle & Lucier,* for the plaintiff.

*Walter E. Kittredge* and *John W. Kelley,* for the defendant.

*Per Curiam.* The evidence excepted to was a history of the transaction and of the conduct of the parties in relation to it. The extent of useful inquiry as to such matters is determinable by the trial court. The plaintiff did not lose her right to contradict the defendant by calling him as a witness. P. S., c. 224, s. 15.

The evidence justified the remarks excepted to; but if that were not the fact the defendant would be remediless, for the court has found that they did not produce the verdict. The defendant has not transferred the evidence; consequently his exception to that finding cannot be considered.

*Exceptions overruled.*